UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

TRACY RHINE,

        Plaintiff,

v.

LORI HJELLE, M. LEVISAY,
R.P. FAILS, and NICOLE ENGLISH,

        Defendants.

Civil No. 12-3161 (DSD/JJG)

**REPORT AND RECOMMENDATION**

This case is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915. (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be dismissed without prejudice.

Plaintiff commenced this action by filing a complaint seeking relief for alleged violations of her federal constitutional rights. She did not pay the $350 filing fee required by 28 U.S.C. § 1914, but instead applied for leave to proceed IFP. The Court reviewed Plaintiff's initial submissions, (i.e., her complaint and IFP application), shortly after this action was initiated. At that time, the Court determined that Plaintiff was a "prisoner," (see 28 U.S.C. § 1915(h)), and she was therefore subject to the requirements of the Prison Litigation Reform Act, ("PLRA"). (See Order dated December 27, 2012, [Docket No. 3], p. 1.) The Court also determined that (i) Plaintiff's IFP application was

incomplete, because it did not include the current certified prisoner trust account information that is required by 28 U.S.C. § 1915(a)(2), and (ii) Plaintiff did not pay the initial partial filing fee that is required in prisoner IFP actions pursuant to 28 U.S.C. § 1915(b)(1).

Both of Plaintiff's omissions were called to her attention by the Court's order dated December 27, 2012. (Docket No. 3.) That order gave Plaintiff twenty (20) days to cure the two defects in her request for IFP status, by submitting both (a) a new IFP application with the requisite certified trust account information, and (b) the initial partial filing fee prescribed by § 1915(b)(1). The order expressly advised Plaintiff that her case would be subject to summary dismissal, unless she complied with both of those requirements within the time allowed.

The Court subsequently learned that Plaintiff might not have received the order dated December 27, 2012, because she had moved, (without promptly informing the Court of her change of address). Therefore, the Court entered a second order on January 23, 2013, (Docket No. 5), which reiterated the requirements set forth in the previous order, (i.e., the order dated December 27, 2012), and imposed a new 20-day deadline for satisfying those requirements. Thus, the new order required Plaintiff to (a) file an amended IFP application, and (b) pay an initial partial filing fee, by no later than February 12, 2013.

The extended deadline for satisfying the requirements of the Court's prior orders has now expired. To date, however, Plaintiff has not submitted either an amended IFP application or an initial partial filing fee, nor has she offered any excuse for her failure to do so. Therefore, based on the Court's express warning regarding the consequences

that would follow if Plaintiff failed to comply with the requirements of the prior orders, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be summarily dismissed without prejudice for failure to prosecute.  See Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders).  See also In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to submit financial information required by § 1915(a)(2) or initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Amick v. Ashlock, No. 04-1171 (8th Cir. 2004), 2004 WL 2603590 (unpublished opinion) (prisoner lawsuit can be dismissed where prisoner fails to pay initial partial filing fee as ordered); Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

## RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**.


Dated: March 21, 2013            s/ *Jeanne J. Graham*
                                                           JEANNE J. GRAHAM
                                                           United States Magistrate Judge

**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **April 8, 2013**. A party may respond to the objections within fourteen (14) days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.